# REVISED May 21, 1997


**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 95-60408

---

CREATIONS UNLIMITED, INC. and
TINA SARTIN,

Plaintiffs-Appellants,

versus

ROBERT and WANDA MCCAIN,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Southern District of Mississippi

---

Consolidated with:

---

No. 95-60501

---

CREATIONS UNLIMITED, INC. and
TINA SARTIN,

Plaintiffs-Appellees,

versus

ROBERT and WANDA MCCAIN,

Defendants-Appellants.

---

Appeal from the United States District Court

May 2, 1997

Before GARWOOD, WIENER, and DeMOSS, Circuit Judges:

PER CURIAM:

Initial Plaintiffs-Appellants Creations Unlimited, Inc., and one of its principals, Tina Sartin (collectively, Creations), appeal from the district court's grant of summary judgment dismissing Creations' copyright infringement action. Consolidated with Creations' appeal is the subsequent appeal of initial Defendants-Appellees Robert and Wanda McCain (the McCains), who complain of the district court's denial of their motion for attorneys' fees. In both instances, we affirm.

I
FACTS AND PROCEEDINGS

Creations is in the business of designing artwork and then printing that artwork on tee-shirts which are sold to the public at craft fairs and festivals. In 1992 and 1993, Creations registered the copyrights[1] to a number of black and white line drawings, seven of which they now claim were infringed by the McCains. Two are drawings of watermelon slices bordered by geometric shapes; a third is a drawing of three cotton bolls; a fourth is a stylized drawing of a fish; a fifth is a stylized drawing of assorted fruit within an outline of a rectangle with geometric shapes below; a sixth is

---

[1] On May 18, 1992, Creations obtained copyright registration No. 27093 for "ARTWORK" under the title of "Creations Unlimited #1." On October 6, 1993, Creations obtained copyright registration No. 267749 for additional "ARTWORK" under the title of "Creations Unlimited #3."

a drawing of three hot air balloons on a rectangular background with geometric shapes below; and a seventh is a drawing of three magnolia blossoms.

During the spring of 1992, the McCains began to sell tee-shirts at festivals and craft shows where Creations marketed its shirts. According to Creations, many of the McCains' tee-shirts bore designs modeled on those copyrighted by Creations. The next spring, Creations wrote to the McCains, stating that they were infringing Creations' copyrights and demanding that the McCains cease and desist selling tee-shirts that copied Creations' designs. When the McCains continued to market the offending tee-shirts, Creations sued for copyright infringement under 17 U.S.C. § 501(b).

The district court granted summary judgment in favor of the McCains, dismissing Creations' infringement claims. The court stated that it had compared Creations' copyrighted black and white line drawings side-by-side with the McCains' tee-shirts and concluded that the works were not substantially similar. Creations timely filed a notice of appeal.

After Creations perfected its appeal, the McCains submitted a motion to the district court seeking attorney's fees pursuant to 17 U.S.C. § 505. The district court denied that motion, and the McCains timely filed their own appeal. Both appeals have been consolidated for our review.

## II
## ANALYSIS

A. CREATIONS' COPYRIGHT INFRINGEMENT CLAIMS

Creations argues that the district court should not have

3

dismissed its copyright infringement claims because the record contains sufficient direct evidence for a factfinder[2] to conclude that the McCains "copied," i.e., used, Creations' original designs as models for their own designs. We perceive no error in the district court's dismissal of Creations' claims. Not all "factual" copying constitutes legally actionable copyright infringement.[3] To determine whether an instance of copying is <u>legally actionable</u>, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as "substantially similar."[4] Although that question typically should be left to the factfinder, we conclude that in the present setting the district court did not reversibly err by deciding that, as a matter of law, the McCains' tee-shirts differed from Creations' line drawings in too many respects for a layman to conclude that the works were substantially similar.

Neither did the district court err in comparing the McCains' tee-shirts to Creations' registered black and white line drawings, rather than to the ultimate rendition of those line drawings on Creations' tee-shirts.[5] Although registration with the copyright

---

[2] Before the district court granted summary judgment, the parties had agreed to submit the case to a bench trial.

[3] See <u>Szabo v. Errisson</u>, 68 F.3d 940, 944 (5th Cir. 1995)(citing <u>Engineering Dynamics, Inc. v. Structural Software, Inc.</u>, 26 F.3d 1335, 1340 (5th Cir. 1994)).

[4] See <u>Engineering Dynamics</u>, 26 F.3d at 1341.

[5] See <u>Novak v. National Broadcasting Co.</u>, 716 F.Supp. 745, 750-51 (S.D.N.Y. 1989)(comparing the defendant's allegedly infringing television comedy sketch to the registered <u>script</u> for the plaintiff's original version, because the plaintiff had failed

4

office is not a prerequisite to copyright protection, it is a prerequisite to maintaining an infringement lawsuit.[6] Thus, before proceeding to court, a plaintiff must register each copyright that he seeks to enforce.

On the other hand, registration with the copyright office is a _jurisdictional_ prerequisite to filing a copyright infringement suit;[7] therefore, to the extent Creations' complaint included any claims for infringement of its tee-shirts (distinct from its line drawings), the district court had no jurisdiction. Accordingly, the district court's judgment must be modified to make it a dismissal for want of subject matter jurisdiction (and hence _without_ prejudice to the merits) instead of a dismissal on the merits -- but _only_ insofar as that judgment pertains to claims for infringement of the tee-shirts themselves. In all other respects, including the dismissal on the merits of the claims for infringement of the line drawings, we affirm the judgment of the district court.

B.   ATTORNEY'S FEES

1.   Subject Matter Jurisdiction

Creations insisted that the district court lacked jurisdiction

---

to register a copy of its televised performance).

[6]   See, e.g., Chuck Blore & Don Richman Inc. v. 20/20 Adver. Inc., 674 F.Supp. 671, 673 n.1 (D.Minn. 1987); Dodd v. Forth Smith Special Sch. Dist. No. 100, 666 F.Supp. 1278, 1282 (W.D. Ark. 1987); Sargent v. American Greetings Corp., 588 F.Supp. 912, 925 (N.D. Ohio 1984).

[7]   See, e.g., M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488 (11th Cir. 1990); Dielsi v. Falk, 916 F.Supp. 985, 994 n.7 (C.D. Cal. 1996).

to rule on the McCains' motion for attorneys' fees. Creations grounded its argument in the fact that it already had filed a notice of appeal from the summary dismissal of the underlying case, thereby divesting the court of jurisdiction.

As a general rule, "a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal."[8] The district court, noting that we have yet to state explicitly whether the general rule applies to a motion for attorneys fees, relied on an opinion from the Tenth Circuit in concluding that it had jurisdiction.[9] Today we join the Tenth Circuit and explicitly bless what has long been the practice in this circuit: A district court has jurisdiction to rule on a motion for ancillary attorneys' fees even after the filing of a notice of appeal with respect to the underlying claims.

2. <u>The Merits</u>

We review the district court's refusal to award attorneys' fees and costs under an abuse of discretion standard.[10] In <u>Fogerty v. Fantasy, Inc.</u>,[11] the Supreme Court articulated the standard to

---

[8] <u>Taylor v. Sterrett</u>, 640 F.2d 663, 667 (5th Cir. 1981).

[9] <u>City of Chanute v. Williams Natural Gas Co.</u>, 955 F.2d 641, 658 (10th Cir.) ("The law is well settled [that] the district judge retains jurisdiction over the issue of attorneys' fees even though an appeal on the merits of the case is pending."), <u>cert. denied</u>, 506 U.S. 831, 113 S.Ct. 96, 121 L.Ed.2d 57 (1992).

[10] 17 U.S.C. § 505; <u>McGaughey v. Twentieth Century Fox Film Corp.</u>, 12 F.3d 62, 65 (5th Cir. 1994).

[11] 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

be applied by a district court when considering a motion for attorneys' fees and costs in a copyright action. The Court rejected the "dual standard," use of which favors awards to plaintiffs over awards to defendants; but the Court also repudiated the "British Rule" for automatic recovery of attorney's fees by the prevailing party. The Supreme Court emphasized that "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."[12] The Court then cited with approval a nonexclusive list of factors to guide the district court's discretion in awarding attorneys' fees. Those factors, originally listed by the Third Circuit in Lieb v. Topstone Industries, Inc.,[13] include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."[14]

We see no abuse of discretion in the district court's rejection of the McCains' motion for attorneys' fees. The court properly applied the Lieb factors and also "considered the arguments put forth by the [McCains] in their memorandum brief" before denying the McCain's motion, and the McCains' have offered nothing on appeal to compel a conclusion that the district court abused its discretion in so ruling.

III

---

[12]  Id. at 469.

[13]  788 F.2d 151, 156 (3d Cir. 1986).

[14]  Lieb, 788 F.2d at 156.

7

CONCLUSION

For the reasons set forth above, we affirm the district court's summary dismissal of Creations' copyright infringement claims, modified to reflect that the dismissal is without prejudice to any rights Creations might have against the McCains for infringement of Creations' completed tee-shirts. We also affirm the district court's denial of the McCains' motion for attorneys' fees.

MODIFIED in part, and AFFIRMED as modified.