IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30897
Conference Calendar
_____


JESUS DURAN,

                                        Petitioner-Appellant,

versus

JIM ROGERS, Warden;
RICHARD IEYOUB, Attorney General, State of Louisiana,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-3496-J
--------------------
April 13, 2000

Before:  WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

     Jesus Duran moves for a certificate of appealability (COA)
and for leave to proceed in forma pauperis (IFP).  We must
examine the basis of our jurisdiction, on our own motion, if
necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).

     Duran mailed and filed on the same day his notice of appeal
and a motion to amend his habeas petition to delete the
unexhausted claims and proceed on his remaining exhausted claims.
Duran's motion expressly referenced his notice of appeal, and he

---

     *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

stated his intent of foregoing an appeal if the district court granted his motion. Because Duran failed to express an unequivocal intent to appeal the dismissal of his habeas petition for want of complete exhaustion, the notice of appeal is ineffective, and appellate jurisdiction has not been conferred on this court. See Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 816-17 (5th Cir. 1997); Mosley, 813 F.2d at 660; Cobb v. Lewis, 488 F.2d 41, 45 (5th Cir. 1974). Thus, the district court had jurisdiction to grant Duran's motion to amend by deleting the unexhausted claims. Because the district court has yet to dispose of the case on the merits, this court lacks jurisdiction to review those claims. See 28 U.S.C. § 1291.

Because we are without jurisdiction, we do not rule on Duran's motions for IFP and COA. IT IS ORDERED that the appeal is DISMISSED for want of appellate jurisdiction.