IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50209
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

VERONICA MARTINEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CV-157
USDC No. W-88-CR-130-2
- - - - - - - - - -
May 17, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Veronica Martinez appeals the district court's dismissal of her 28 U.S.C. § 2255 motion to vacate her sentence. Initially, the district court dismissed Martinez's § 2255 motion as successive. After Martinez filed her notice of appeal from that dismissal, she sought a certificate of appealability from the district court. Apparently believing that it retained jurisdiction over the case and that it had erred in earlier dismissing Martinez's § 2255 motion, the district court denied the COA motion without prejudice and vacated its earlier order dismissing Martinez's § 2255 motion

      [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

as successive. (The court evidently construed Martinez's COA application as a motion for Fed. R. Civ. P. 60(b) relief.) In the same order, the court directed the Government to file an answer to Martinez's § 2255 motion within 60 days. After considering the arguments of both parties, and denying Martinez's request to amend her § 2255 motion, the court denied and dismissed Martinez's § 2255 motion a second time.

Meanwhile, this court was considering Martinez's motion to dismiss her appeal. This court construed it as a motion to remand the case to the district court for consideration of a Fed. R. Civ. P. 60(b) motion, and granted it, albeit months after the district court had purportedly granted such relief, and two days after the district court's second dismissal of Martinez's § 2255 motion. Martinez timely filed a notice of appeal from the second denial of § 2255 relief, and this court granted COA as to two issues, one of which was whether the district court retained jurisdiction over the case after Martinez filed her first notice of appeal on July 8, 1997, and whether the district court's actions after that date were void.

We now hold that the district court lacked jurisdiction to grant a Rule 60(b) motion after Martinez filed her notice of appeal on July 8, 1997. Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 816-17 (5th Cir. 1997). Accordingly, all actions, orders, and judgments by the district court since the filing of Martinez's first notice of appeal on July 8, 1997, are void. See Winchester v. United States Atty. for Southern Dist. of Texas, 68 F.3d 947, 948-49 (5th Cir. 1995). This case is hereby REMANDED and the

district court is instructed to either reenter its order striking Martinez's proposed amendment and its judgment dismissing Martinez's § 2255 motion, or again set up a briefing schedule to reconsider the pleadings before it.

Martinez is advised that in order to appeal, she must file a new notice of appeal from whatever action is taken by the district court.

REMANDED WITH INSTRUCTIONS.