# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 06-60826
Conference Calendar

CATHERINE M STARR

Plaintiff-Appellant

v.

DAIMLERCHRYSLER CORPORATION; CHIEF EXECUTIVE OFFICER
DAIMLERCHRYSLER CORPORATION; PRESIDENT, DAIMLERCHRYSLER
CORPORATION,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:05-CV-2107

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Catherine M. Starr filed a pro se suit in federal court alleging a copyright infringement. The defendants moved for dismissal of the suit under FED. R. CIV. P. 12(b)(1) and 12(b)(6) asserting, among other things, that the district court was without jurisdiction because Starr did not have a copyright registration. The district court granted the motion and dismissed Starr's complaint for lack of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subject matter jurisdiction. Our review is de novo. Copeland v. Wasserstein, Perella & Co., 278 F.3d 472, 477 (5th Cir. 2002).

"[N]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a) (2005). Registration is a jurisdictional prerequisite to filing an infringement action. Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 816 (5th Cir. 1997). This court does not require that a certificate from the Copyright Office be obtained before bringing suit, but it does require the plaintiff to have filed an application for registration with the Copyright Office prior to the infringement action. Lakedreams v. Taylor, 932 F.2d 103, 1108 (5th Cir. 1991). Starr's complaint failed to allege that she had even applied for copyright registration. The district court did not err in dismissing Starr's complaint.

Starr's motion for a default judgment on appeal is DENIED. The judgment of the district court is AFFIRMED.