IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2008

Charles R. Fulbruge III
Clerk

No. 07-50067

VIRGIN RECORDS AMERICA INC, a California Corporation;
SONY BMG MUSIC ENTERTAINMENT, a Delaware General Partnership;
ARISTA RECORDS LLC, a Delaware Limited Liability Company;
UMG RECORDINGS INC, a Delaware Corporation

Plaintiffs – Appellees

v.

CLIFF THOMPSON

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-592

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.
PER CURIAM:

Cliff Thompson ("Thompson") appeals the district court's denial of his motion for attorney's fees under the Copyright Act, 17 U.S.C. § 505. Thompson argues that the court misapplied the standard governing the award of attorney's fees in copyright actions. We affirm the district court's decision.

## I. BACKGROUND

In July 2006, Virgin Records and other recording companies (collectively "Plaintiffs") filed a copyright infringement action against Thompson, contending that he used a file-sharing program to illegally distribute digital audio files on

which Plaintiffs held copyrights. Before filing this action, Plaintiffs learned that an Internet user named "gigette@KaZaA" was openly distributing hundreds of digital audio files using a file-sharing program. Plaintiffs traced the infringer to an Internet Protocol ("IP") address and eventually to an Internet account registered to Thompson.

Once Thompson was identified, Plaintiffs attempted to contact him to resolve the matter for six months before finally filing suit. In January 2006, Plaintiffs sent Thompson a letter informing him that they intended to file a lawsuit against him "shortly" for copyright infringement. The letter stated that Plaintiffs had gathered evidence that Thompson had infringed their copyrights and asked him to contact them if he had "an interest in discussing this matter, including settlement." Thompson did not respond to the letter. In succeeding months, Plaintiffs attempted to contact Thompson by phone and email. Although Thompson denies receiving these voice messages or emails, it is undisputed that he received Plaintiffs' initial letter.

In August, Thompson filed an answer and a counterclaim requesting attorney's fees that accused Plaintiffs of engaging in "sue first, talk later" litigation. Plaintiffs moved to dismiss the counterclaim on September 5, 2006. Two days later, Thompson disclosed in his response to this motion that "if anyone downloaded the songs in question it probably would be [my] adult daughter." Thompson did not, however, tell Plaintiffs his daughter's name. Thompson's disclosure came more than eight months after Plaintiffs initially wrote to him.

Through their own efforts, Plaintiffs identified Thompson's adult daughter as Brigette Thompson. On October 6, Thompson's counsel confirmed that Ms. Thompson was the direct infringer who used Thompson's Internet account.

When the Plaintiffs moved to dismiss their case, Thompson reiterated his demand for attorney's fees. The district court granted the former motion and denied the latter, and Thompson appealed.

## II. STANDARD OF REVIEW

This court reviews a district court's refusal to award attorney's fees in a copyright infringement case for an abuse of discretion. Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 380 (5th Cir. 2004). "A trial court abuses its discretion in awarding or refusing to award attorney's fees when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." Id.

## III. DISCUSSION

The Copyright Act authorizes a court to award reasonable attorney's fees to the prevailing party in a suit under the Act. See 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."). In Fogerty v. Fantasy, Inc., 510 U.S. 517, 534–35 (1994), the Supreme Court held that attorney's fees should be awarded evenhandedly to both prevailing plaintiffs and defendants in copyright actions. As the district court recognized, an award of attorney's fees to the prevailing party in a copyright action is "the rule rather than the exception and should be awarded routinely." Positive Black Talk, 394 F.3d at 380 (quoting McGaughey v. Twentieth Century Fox Film Corp., 12 F.3d 62, 65 (5th Cir.1994)).

Nevertheless, recovery of attorney's fees is not automatic. See Fogerty, 510

U.S. at 534; Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 817 (5th Cir. 1997) (noting that the Supreme Court "repudiated the 'British Rule' for automatic recovery of attorney's fees by the prevailing party" and holding that the district court did not abuse its discretion in denying fees). "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty, 510 U.S. at 534. The Supreme Court listed several non-exclusive factors that a court may consider in exercising its discretion: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 534 n.19 (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986)).

In this case, the district court "set forth the standard described above, noting the text of [17 U.S.C. § 505], the principle that fee awards — although discretionary — are the rule rather than the exception and should be awarded routinely, and that under Fogerty the court's discretion is guided by" a non-exclusive list of factors. Positive Black Talk, 394 F.3d at 381–82 (holding that the district court did not abuse its discretion in denying attorney's fees to prevailing defendants). The court then applied those factors to the facts of this case and determined that they weighed against awarding attorney's fees.

First, the court determined that Plaintiffs' lawsuit was not frivolous or objectively unreasonable, citing several reasons for this conclusion. The court found that "Plaintiffs discovered substantial copyright infringement of their songs by a file-sharing program attached to an internet [sic] account registered to Thompson." The court also found that the Plaintiffs attempted to contact Thompson to resolve this matter for six months prior to filing this lawsuit.

Second, the court concluded that Plaintiffs' "motivation in bringing the suit was proper." The court found no indication that Plaintiffs "prosecuted this suit with malevolent intent." Instead, the court determined that Plaintiffs acted properly to protect their copyrights after they discovered copyright infringement of their songs. The court also found that Plaintiffs "immediately moved to dismiss" their suit against Thompson after they identified the adult daughter that Thompson acknowledged might be responsible for the copyright infringement.

Third, the court concluded that awarding Thompson attorney's fees would not advance considerations of compensation and deterrence. These Plaintiffs should not be deterred from bringing future suits to protect their copyrights because they brought an objectively reasonable suit. Thompson, however, "delayed the prompt resolution" of this litigation by failing to respond to Plaintiffs' pre-suit communications and to disclose the identify of the true copyright infringer.

This court sees no abuse of discretion in the district court's denial of Thompson's motion for attorney's fees. In response to the court's careful articulation and application of the governing standard, Thompson has "offered nothing on appeal to compel a conclusion that the district court abused its discretion." Creations Unlimited, 112 F.3d at 817.
AFFIRMED.