LAVA RECORDS LLC, a Delaware limited liability company, Warner Bros. Records Inc., a Delaware corporation, Capital Records Inc., a Delaware corporation, UMG Recordings Inc, a Delaware corporation, Sony BMG Music Entertainment, a Delaware general partnership, Arista Records LLC, a Delaware limited liability company, BMG Music, a New York general partnership, doing business as the RCA Record Label, Plaintiffs–Counter–Defendants–Appellees,

v.

Rolando AMURAO, Defendant–Counter–Claimant–Appellant.

No. 08–2376–cv.

United States Court of Appeals, Second Circuit.

Nov. 16, 2009.

Richard A. Altman, New York, NY, for Appellant.

Timothy M. Reynolds (Laurie J. Rust, on the brief), Holme, Roberts & Owen LLP, Boulder, CO, for Appellees.

Present: WALKER, ROBERT A. KATZMANN and JANE R. ROTH,* Circuit Judges.

## SUMMARY ORDER

Defendant–Counter–Claimant–Appellant Rolando Amurao appeals from so much of the judgment of the district court entered on April 15, 2008, as (1) denied his motion for attorneys fees and (2) dismissed his counterclaim for copyright misuse. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

■ The district court has discretion to award attorneys fees to the prevailing party in a copyright action in the exercise of its "equitable discretion," *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), and we see no abuse of that discretion here, in light of, *inter alia*, the evidence plaintiffs possessed pointing to Amurao as the infringing party prior to filing suit, including Amurao's pre-suit written admission to the plaintiffs that "[w]e downloaded the songs [in question] through a program called Lime Wire," Amurao's subsequent less-than-candid responses to plaintiffs' discovery requests, and the plaintiffs' efforts to terminate this case quickly once it became clear through discovery that another member of Amurao's household, rather than Amurao himself, had, in fact, downloaded the copyrighted materials. *See Matthew Bender & Co. v. W. Publ'g Co.*, 240 F.3d 116, 122 (2d Cir.2001) ("[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act."); *see also Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724 (5th Cir.2008) (upholding the district court's denial of fees in a case with facts similar to those presented here). Nor do we see any merit in Amurao's argument, that the district court did not properly consider relevant factors before exercising its discretion. *See Fogerty*, 510 U.S. at 534 & n. 19, 114 S.Ct. 1023 (noting that "[t]here is no precise rule or formula" for making determinations about attorneys fees in copyright cases and listing some factors that "*may* be used to guide courts' discretion" (emphasis added)). Finally, to create, as Amurao asks, a presumption that in a certain type of copyright case a prevailing defendant should receive attorneys fees as a matter of course would be contrary to the statutory language, *see* 17 U.S.C. § 505 ("[T]he court *may* ... award a reasonable attorney's fee to the prevailing

* The Honorable Jane R. Roth, of the United States Court of Appeals for the Third Circuit, sitting by designation.

party as part of the costs." (emphasis added)), as construed by the Supreme Court and this Court. *See Fogerty*, 510 U.S. at 533, 114 S.Ct. 1023 ("The statute says that 'the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.' The word 'may' clearly connotes discretion. *The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion.*" (emphasis added)); *Matthew Bender*, 240 F.3d at 121 (noting that "the standard governing the award of attorneys' fees under section 505 *should be identical for prevailing plaintiffs and prevailing defendants* " (emphasis added) (citing *Fogerty*, 510 U.S. at 534, 114 S.Ct. 1023)). To the extent that Amurao relies on case law from other circuits to support the creation of such a presumption, we find those cases unpersuasive.

■ We also decline to create an independent cause of action for "copyright misuse," as Amurao urges us to do. Amurao, who has cited no case in which "copyright misuse" was allowed as an independent cause of action for damages rather than as a defense to an infringement claim, has not made a persuasive case for the creation of such a cause of action here.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**