**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARSHALL & SWIFT/BOECKH, LLC, | No. 12-57221 |
| Plaintiff - Appellee, | D.C. No. 2:08-CV-04375 |
| v. | |
| DEWBERRY & DAVIS LLC, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| And | |
| URS CORPORATION, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted December 8, 2014[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SILVERMAN and BEA, Circuit Judges, and BELL, District Judge.[***]

Dewberry & Davis LLC ("Dewberry") appeals the district court's denial of attorney's fees in its favor under § 505 of the Copyright Act. We affirm.

We review an order denying attorney's fees under the Copyright Act for abuse of discretion. *Halicki Films, LLC v. Sanderson Sales & Mktg*, 547 F.3d 1213, 1220 (9th Cir. 2008). Under this standard, we review factual findings for clear error, and legal conclusions de novo. *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010) (citing *Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197, 1207 (9th Cir. 2009)).

The district court did not legally err by failing to accord Dewberry a strong presumption of entitlement to a fee award. The Copyright Act provides that the court "may" award a reasonable attorney's fee to the prevailing party. 17 U.S.C. § 505. "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534 (1994). *See also Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 555 (9th Cir. 1996) ("[A]n award of attorney's fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts."). Considerations that

---

[***] The Honorable Robert Holmes Bell, District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

2

guide the exercise of that discretion include "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Love*, 611 F.3d at 614-15 (citing *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)). In applying these factors, a court should be "faithful to the purposes of the Copyright Act." *Fogerty*, 510 U.S. at 534 n.19.

The Seventh Circuit has "refined" the *Fogerty* standard to add a presumption that the prevailing party is entitled to an award of fees under § 505, and a strong presumption if the prevailing party is the defendant. *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008) (citing *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824-25 (7th Cir. 2005); *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 436-37 (7th Cir. 2004)). Unlike the Seventh Circuit, we have continued to apply the factors outlined in *Fogerty* without a presumption. *See, e.g.*, *Love*, 611 F.3d at 614-15; *Halicki*, 547 F.3d at 1230; *Fantasy*, 94 F.3d at 560. *See also Lava Records, LLC v. Amurao*, 354 F. App'x 461, 463 (2d Cir. 2009) (expressly rejecting a presumption in favor of awarding attorney's fees to prevailing defendants in copyright cases). The district court's failure to apply a presumption is not legal error.

Neither did the district court legally err by applying a blameworthiness or culpability standard that was rejected in *Fantasy*. *See Fantasy*, 94 F.3d at 558 ("[B]lameworthiness is not a prerequisite to awarding fees to a prevailing defendant.") Although the district court introduced its order by noting that there must be some showing by the prevailing party that the action was brought based on frivolous or unreasonable grounds, this misstatement was cured when the district court correctly noted that its discretion to award fees did not require a finding of bad faith or blameworthiness and thereafter considered each of the factors suggested in *Fogerty*. Because the district court did not rest its decision solely on the lack of frivolousness or unreasonableness, we are satisfied that it applied the correct legal standard in ruling on Dewberry's motion for attorney's fees.

The district court's findings of fact were not clearly erroneous as they were not "'illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" *Arc of California v. Douglas*, 757 F.3d 975, 983-84 (9th Cir. 2014) (quoting *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012)). Moreover, the district court's failure to embrace Dewberry's specific arguments and its failure to weigh the factors in the manner suggested by Dewberry were within the "wide latitude" granted to district courts in exercising their discretion with respect to the award of attorney's fees under § 505. *Entm't Research Grp., Inc. v. Genesis Creative*

4

*Grp., Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997); *see Fogerty*, 510 U.S. at 534 (noting that "'[T]here is no precise rule or formula for making [fee] determinations'" in copyright cases) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). The district court reasonably exercised its discretion in denying attorney's fees and adequately explained its basis for doing so.

**AFFIRMED**.