# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2015

Lyle W. Cayce
Clerk

No. 14-30932
Summary Calendar

LOUISIANA CONTRACTORS LICENSING SERVICE, INCORPORATED,

Plaintiff - Appellant

v.

AMERICAN CONTRACTORS EXAM SERVICES, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-560

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Louisiana Contractors Licensing Service ("LCLS") challenges the district court's award of attorney's fees to defendant-appellee American Contractors Exam Services ("ACES") following its grant of summary judgment on behalf of ACES. For the reasons that follow, we AFFIRM.

## FACTS AND PROCEEDINGS

LCLS prepares aspiring contractors for their state licensing exams. As part of this business LCLS provides review questions. ACES, a competitor

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30932

business to LCLS, also helps contractors prepare for state exams.  LCLS brought a copyright infringement suit against ACES for allegedly using its copyrighted study materials.  The district court granted ACES's motion for summary judgment on the grounds that of the "1,083 multiple-choice questions in the plaintiff's copyrighted materials . . . [at most] 14 questions were copied from the overall work," which "cannot be deemed anything more than *de minimus.*"

ACES then moved for an award of attorney's fees.  The court granted the motion.  The court offered four reasons for granting the fees: (1) LCLS did not present an actionable claim; (2) the case was objectively unreasonable; (3) "there is at least some evidence that the suit may have been filed in an attempt to drive [ACES] out of the Louisiana market"; and (4) the fees advanced "the considerations of compensation and deterrence."

## DISCUSSION

A district court's grant of attorney's fees in a copyright infringement case is reviewed for abuse of discretion.  *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 817 (5th Cir. 1997).  An abuse of discretion exists where the district court bases its ruling on "an erroneous view of the law or a clearly erroneous assessment of the evidence."  *Bocanegra v. Vicmar Servs.*, 320 F.3d 581, 584 (5th Cir. 2003).  When a district court properly applies the factors set forth in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), there is generally not an abuse of discretion.  *See Creations Unlimited*, 112 F.3d at 817.

The district court did not abuse its discretion in awarding attorney's fees to ACES.  First, as the district court explained, in copyright cases the award of attorney's fees is "the rule rather than the exception and should be awarded routinely."  *Micromanipulator Co. v. Bough,* 779 F.2d 255, 259 (5th Cir. 1985) (citing *Engel v. Teleprompter Corp.,* 732 F.2d 1238, 1241 (5th Cir. 1984)).  The district court followed the Supreme Court's requirement that the decision to

2

award attorney's fees be based on certain equitable considerations. *See Fogerty*, 510 U.S. at 534 & n.19 (citing *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 156 (3d Cir. 1986), which held that courts should consider "frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence.") Indeed, examining the district court's grant of attorney's fees, it considered exactly the factors set forth in *Lieb*. Moreover, having reviewed the record, there is nothing unreasonable in how the district court applied the factors to these facts. Thus, we hold that the district court did not abuse its discretion in awarding attorney's fees to ACES. We AFFIRM the district court.