# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2015

Lyle W. Cayce
Clerk

No. 14-20371
Summary Calendar

MACRO NICHE SOFTWARE, INCORPORATED; MICHAEL J. RUTHEMEYER; R/MED, INCORPORATED,

> Plaintiffs - Appellees

v.

IMAGING SOLUTIONS OF AUSTRALIA,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2293

Before PRADO, OWEN and GRAVES, Circuit Judges.

PER CURIAM:*

Imaging Solutions of Australia ("ISA") prevailed in a copyright infringement suit brought against it by Plaintiffs Macro Niche Software, Inc., R/MED, Inc., and Michael J. Ruthemeyer (collectively "Plaintiffs"). ISA appeals the district court's denial of its motion for attorney's fees. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20371

## I. Factual and Procedural Background

On August 1, 2012, Plaintiffs filed suit against, *inter alia*, ISA for copyright infringement and civil conspiracy.  Plaintiffs sell computer software known as ApronCheck, which tracks the maintenance of lead aprons used by x-ray technicians to facilitate the protection of the apron users from radiation.  ISA is a supplier of radiographic products, including lead aprons, to Australian, New Zealand, and Southeast Asian markets.  Plaintiffs' suit claimed that they and ISA discussed marketing the ApronCheck software in Australia and that the parties began to work on joint marketing materials but never reached a definitive agreement.  ISA subsequently was involved in the release of competing apron-tracking software named RadTrack.  Plaintiffs' infringement suit claimed that RadTrack is substantially similar to ApronCheck and was developed using the Plaintiffs' protected intellectual property.   ISA filed counterclaims against the Plaintiffs for negligent misrepresentation and fraudulent misrepresentation.

On December 27, 2013, the district court granted ISA's motion for summary judgment on the Plaintiffs' copyright and civil conspiracy claims.  The district court found that while Plaintiffs claimed RadTrack in its entirety was substantially similar to ApronCheck, Plaintiffs failed to produce evidence that would allow it to perform the necessary abstraction and filtration steps of this circuit's test for software copyright infringement.  *See., e.g., Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 400-01 (5th Cir. 2000) (describing the "abstraction-filtration" method).   After summary judgment, the only remaining issues between Plaintiffs and ISA were ISA's counterclaims.   Due to Plaintiffs' failure to adequately answer the counterclaim allegations, the district court deemed them admitted.  After a trial on the issue of damages, a jury awarded ISA $129,607.00.

2

No. 14-20371

ISA then filed a motion seeking $239,723.30 in attorney's fees, $35,265.57 in costs, and pre-judgment and post-judgment interest on the damages award. The district court denied attorney's fees, but awarded ISA costs and interest. ISA appeals the denial of attorney's fees.

## II. Discussion

We review the district court's refusal to award attorney's fees in a copyright infringement case for abuse of discretion. *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 725 (5th Cir. 2008) (citing *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004)). "A trial court abuses its discretion in awarding or refusing to award attorney's fees when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (quoting *Positive Black Talk*, 394 F.3d at 380).

"The Copyright Act of 1976, 17 U.S.C. § 505, provides in relevant part that in any copyright infringement action 'the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 519 (1994) (quoting 17 U.S.C. § 505). "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id.* at 534. An award of attorney's fees to the prevailing party in a copyright action is "the rule rather than the exception and should be awarded routinely." *Virgin Records*, 512 F.3d at 726 (quoting *Positive Black Talk*, 394 F.3d at 380). However, "recovery of attorney's fees is not automatic." *Id.*; *see Fogerty*, 510 U.S. at 533-34 (rejecting a proposed automatic-recovery rule). In *Fogerty*, the Supreme Court listed several non-exclusive factors that a court may consider in exercising its discretion: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19 (quoting *Lieb v.*

3

No. 14-20371

*Topstone Industries, Inc.*, 788 F.2d 151, 156 (3rd Cir. 1986)); *see Virgin Records*, 512 F.3d at 726. "There is no precise rule or formula for making these determinations," but instead the district court must exercise equitable discretion in light of the considerations identified by the Supreme Court. *Fogerty*, 510 U.S. at 519 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *see Virgin Records*, 512 F.3d at 726-27. We have previously affirmed the denial of attorney's fees in copyright infringement cases where the district court fully considered and applied the relevant factors when denying fees. *See Virgin Records*, 512 F.3d at 726-27; *Positive Black Talk*, 394 F.3d at 381-83; *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 817 (5th Cir. 1997).

In this case, the district court correctly set forth the standards, including the text of 17 U.S.C. § 505, the principle that fee awards for prevailing parties are the rule rather than the exception, its own discretion, and the non-exclusive list of *Fogerty* factors. The district court then applied each of the factors to the facts of this case, concluded that all of the factors weighed against awarding attorney's fees to ISA, and gave a reasonable explanation for its analysis of each factor. Specifically, the court found that although Plaintiffs lost at summary judgment, their claims were neither frivolous nor objectively unreasonable. The court pointed out that Plaintiffs provided two experts who stated that the two software programs were substantially similar, that ISA had access to Plaintiffs' intellectual property due to a prior relationship, and that software copyright infringement is complex and often requires experts to differentiate protectable elements from non-protectable elements. The court also found that there was no evidence of bad faith motivation on the Plaintiffs' part, and because the claims were not unreasonable and there was no bad faith, the need for compensation and the deterrence of future unmeritorious suits would not be served by an award of attorney's fees in this case. The district court stated that it considered the entire record and found no reason to

depart from the outcome dictated by application of these factors, and thus denied ISA's motion for attorney's fees.

Although Plaintiffs were unsuccessful at adequately differentiating protectable and non-protectable elements of the software program on summary judgment, there is no basis to overturn the district court's assessment of Plaintiffs' claims or its conclusion that attorney's fees are not appropriate in this case. We find no abuse of discretion in the district court's denial of attorney's fees.

## III. Conclusion

For the foregoing reasons, the district court's denial of attorney's fees is AFFIRMED.