**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3510
_____

MORNING SUN BOOKS, INC.

v.

DIVISION POINT MODELS, INC.; JACK VANSWORTH; K+C JOHNSON LTD.;
KENNETH JOHNSON; UNCLE DAVE'S BRASS
MODEL TRAINS; JOHN DOES 1–10

UNCLE DAVE'S BRASS MODEL TRAINS,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:11-cv-00608)
District Judge:  Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 11, 2020
_____

Before:  CHAGARES, HARDIMAN, and MATEY, <u>Circuit Judges</u>

(Filed: September 16, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Appellant Uncle Dave's Brass Model Trains ("Uncle Dave's") claims that the District Court erred in denying its motion for attorney's fees and costs under the Copyright Act, 17 U.S.C. § 505, and its request for sanctions. We will affirm.

I.

We write only for the parties, so our summary of the facts is brief. Morning Sun Books, Inc. ("Morning Sun") publishes books on railroads from across the United States, Canada, and Mexico, which contain enhanced photographs. In 2011, Morning Sun brought a copyright and trademark infringement action against Uncle Dave's, a company which sells brass model trains, and four other defendants, alleging that they infringed Morning Sun's copyrighted books by posting photographs from these books on their websites.

On December 13, 2013, Uncle Dave's moved for summary judgment on all counts. But on April 9, 2015, while this motion was still pending before the District Court, Morning Sun and Uncle Dave's filed a stipulation of dismissal, which provided that: (1) all of Morning Sun's claims against Uncle Dave's "are hereby dismissed with prejudice"; (2) Uncle Dave's "withdraws all pending motions filed against" Morning Sun; and (3) Uncle Dave's "retains its rights to seek" an award of attorney's fees, which Morning Sun "would oppose." Joint Appendix ("J.A.") 74–75. The District Court "so-ordered" the stipulation of dismissal and affixed its signature on April 10, 2015. Morning Sun subsequently settled with the remaining defendants and, on March 7, 2016, the District Court entered an order dismissing the case without prejudice.

Two months later, Uncle Dave's filed a motion for attorney's fees and costs, which the District Court denied. The District Court first found that Uncle Dave's was not a prevailing party in the litigation under Supreme Court precedent because the required "judicial imprimatur" was not present, where the court "did not enter a judgment on the merits, consent decree, or otherwise incorporate the terms of the parties' settlement into a court order of dismissal." J.A. 4. The District Court then held that, even if Uncle Dave's were a prevailing party, it still would not award attorney's fees under the Copyright Act considering the "totality of circumstances." J.A. 5. The court also denied Uncle Dave's request for sanctions, included in its motion for fees, for failure to comply with Federal Rule of Civil Procedure 11.

Uncle Dave's later filed a motion for reconsideration, which the District Court similarly denied. The District Court found that Uncle Dave's was not entitled to fees or costs under the Copyright Act because the case involved "significant legal issues and a number of questions of fact," and Morning Sun's complaint was "neither frivolous nor objectively unreasonable." J.A. 12. The court also determined that Morning Sun did not act with "any improper motivation" or "in an unreasonable manner or in bad faith," and there were no special circumstances warranting an award of attorney's fees. Id.[1]

This timely appeal followed.

---

[1] The District Court also declined to award fees and costs to Uncle Dave's pursuant to the Lanham Act because the case was not "exceptional" under the statute, J.A. 13, but this portion of the order is not at issue in this appeal.

II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and we have jurisdiction under 28 U.S.C. § 1291.[2] We review both the denial of attorney's fees and the denial of sanctions for abuse of discretion. See Leonard v. Stemtech Int'l Inc., 834 F.3d 376, 403 (3d Cir. 2016) (applying the standard to decision on attorney's fees under Copyright Act); Zuk v. E. Pa. Psychiatric Inst., 103 F.3d 294, 297 (3d Cir. 1996) (same, for sanctions). We note, however, that "[w]hether the district court applied the proper standards or procedures is a question of law subject to plenary review," and "factual findings are reviewed under a clearly erroneous standard." Rode v. Dellarciprete, 892 F.2d 1177, 1182–83 (3d Cir. 1990) (attorney's fees); see also Gillette Foods Inc. v. Bayernwald-Fruchteverwertung, GmbH, 977 F.2d 809, 812 (3d Cir. 1992) (sanctions).

---

[2] Although Uncle Dave's notice of appeal designated only the District Court's order on reconsideration, and not its underlying order denying attorney's fees, we may properly exercise jurisdiction over both of these orders because there is a clear connection between them, Uncle Dave's intention to appeal the underlying order is apparent, and Morning Sun is not prejudiced as it had a full opportunity to brief the issues. See Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013).

4

III.

Uncle Dave's advances three arguments on appeal. First, it claims that the District Court erred in finding that it was not a prevailing party. Second, Uncle Dave's contends that the court failed to use the proper test for evaluating attorney's fees motions under the Copyright Act. Third, Uncle Dave's argues that the District Court improperly decided its motion for sanctions under Rule 11, rather than 28 U.S.C. § 1927. We are not persuaded.

A.

With respect to Uncle Dave's first argument that he is a prevailing party, we need not resolve that issue at this time. Rather, we assume without deciding that Uncle Dave's is a prevailing party and hold that the District Court did not abuse its discretion in denying Uncle Dave's request for fees and costs.

The Copyright Act provides an exception to the general rule in American jurisprudence that litigants must bear their own expenses regardless of whether they win or lose. Under 17 U.S.C. § 505, "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party." "[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Id. Thus, to recover attorney's fees under the Copyright Act, parties must be considered "prevailing" — which requires "succe[ss] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

But even prevailing parties are not automatically entitled to attorney's fees, because whether to grant a fee request is a discretionary decision left to the district courts.

5

See Lieb v. Topstone Indus., Inc., 788 F.2d 151, 155–56 (3d Cir. 1986); see also Fogerty v. Fantasy, Inc., 510 U.S. 517, 533 (1994) (explaining that § 505 "clearly connotes discretion" and rejecting the argument that fees should be awarded "as a matter of course, absent exceptional circumstances"). In exercising their discretion to decide whether to award attorney's fees, district courts "should consider" several "nonexclusive" factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty, 510 U.S. at 534 n.19 (quoting Lieb, 788 F.2d at 156).

Uncle Dave's argues that the District Court failed to consider the Lieb/Fogerty factors when it denied the motion for fees and costs. Not so. First, the District Court expressly considered the first and third factors, frivolousness and objective unreasonableness. The court began by noting that "[i]n response to [Morning Sun's] complaint, [Uncle Dave's] did not file a motion to dismiss," but instead, "filed an answer, and thereafter engaged in discovery, settlement negotiations, and summary judgment briefing." J.A. 12. As a result, it found that "whether [Uncle Dave's] infringed [Morning Sun's] copyrights implicates significant legal issues and a number of questions of fact," and "conclude[d] that [Morning Sun's] complaint was neither frivolous nor objectively unreasonable." Id. The court also explicitly considered motivation and the particular circumstances of the case, the second and fourth factors. It explained that it "does not find that [Morning Sun] acted with any improper motivation, or that there are any special circumstances in this case that warrant an award of attorney's fees in order to advance

6

considerations of compensation or deterrence." Id. (quotation marks omitted). The District Court clarified, moreover, that "[t]hroughout this matter, which included the discovery process and summary judgment briefing, [it] has never found that [Morning Sun] acted in an unreasonable manner or in bad faith." Id. On the basis of these findings, the court declined to award attorney's fees and costs under the Copyright Act.

As described above, the District Court properly considered all of the Lieb/Fogerty factors and exercised its statutorily granted discretion to decline to award fees and costs. Cf. Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1985 (2016) (recognizing "the broad leeway § 505 gives to district courts"). It articulated and applied the proper standard, and we cannot say that "no reasonable person would adopt [this] view." Rode, 892 F.2d at 1182. The court's factual findings as to a lack of frivolousness, improper motivation, and objective unreasonableness are not clearly erroneous. Moreover, an award here would not "advance considerations of compensation and deterrence," Fogerty, 510 U.S. at 534 n.19 (quoting Lieb, 788 F.2d at 156), because Morning Sun "should not be deterred from bringing future suits to protect [its] copyrights because [it] brought an objectively reasonable suit," Virgin Records Am., Inc. v. Thompson, 512 F.3d 724, 727 (5th Cir. 2008).

In short, regardless of whether we would have approached the matter similarly, we see no abuse of discretion in the District Court's denial of Uncle Dave's motion for fees and costs.[3]

---

[3] Uncle Dave's also contends that other factors warrant a fee award, such as the financial strength of the parties and the fact that the monetary stakes were small in this copyright

7

Uncle Dave's next argues that the District Court erred in deciding its motion for sanctions — brought under 28 U.S.C. § 1927 — as a motion pursuant to Federal Rule of Civil Procedure 11.  We disagree.

At the outset, we note that it is not clear whether Uncle Dave's brought its request for sanctions under § 1927 or Rule 11.  In its motion for attorney's fees, Uncle Dave's included a subsection titled "Counsel's Liability Under 29 U.S.C. § 1927."  Motion for Attorney's Fees and Costs at 33, Morning Sun Books, Inc. v. Division Point Models, Inc., No. 2:11-cv-00608 (D.N.J. May 12, 2016), ECF No. 138.  This section, however, contained arguments relating only to Rule 11.  See, e.g., id. at 35 ("While Rule 11 recognizes an attorney's right to make a non-frivolous argument for reversing . . . existing law, it should be a clear violation to misrepresent the law that presently exists."); id. (acknowledging that the Third Circuit does not recognize "the failure of what has been described as 'argument identification' as a basis . . . for finding a violation of Rule 11").

But if Uncle Dave's sanctions request was brought pursuant to Rule 11, it plainly was subject to denial due to noncompliance with Rule 11(c)(2), which requires that "[a]

---

case.  None of these factors compel a different conclusion.  See, e.g., Glacier Films (USA), Inc. v. Turchin, 896 F.3d 1033, 1039 (9th Cir. 2018) (rejecting the adoption of a presumptive entitlement to fees for a prevailing party in a copyright case in which the monetary stakes are small, because "doing so would collide with Supreme Court guidance and is not consistent with [§ 505]"); MiTek Holdings, Inc. v. Arce Eng'g Co., 198 F.3d 840, 842 (11th Cir. 1999) ("It is unsurprising that no case law supports the proposition that a difference in financial wealth, in and of itself, is sufficient to justify imposition of attorney's fees under § 505.").  We also reject out of hand Uncle Dave's claim that the District Court has a "hostility to awarding attorneys' fees."  Uncle Dave's Br. 46.

motion for sanctions [] be made separately from any other motion" and "be served under Rule 5, but . . . not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." See also In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008) ("If the twenty-one day period is not provided, the motion must be denied.").

What's more, even if the District Court did mischaracterize Uncle Dave's request for sanctions as a Rule 11 motion, rather than a motion under § 1927, this was harmless error. This is because imposing sanctions under § 1927 "requires a finding of bad faith," while doing so under Rule 11 requires "a showing of objectively unreasonable conduct." In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 187 n.7 (3d Cir. 2002). The District Court found that Morning Sun did not act "frivolous[ly]," in "bad faith," or "in an unreasonable manner," J.A. 12, and these findings are not clearly erroneous. There was thus no basis to award fees or costs under § 1927 or Rule 11, and the District Court did not err in so holding.

IV.

For these reasons, we will affirm the orders of the District Court.[4]

---

[4] In its opposition brief, Morning Sun requests that we "order [Uncle Dave's] to show cause as to why [Uncle Dave's] should not be sanctioned under [Federal Rule of Appellate Procedure] 38 for its frivolous arguments and misstatements in this appeal." Morning Sun Br. 47. We decline the invitation to do so, because Morning Sun did not submit a separate motion requesting damages as the Rule requires. See Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages . . . ."). Morning Sun states that it "will address this in a separate motion for attorneys' fees." Morning Sun Br. 47. So we will confront the issue of Rule 38 damages in any such motion, not here.