IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-50945

Kira, Inc.

Plaintiff-Appellant

V.

All Star Maintenance, Inc., All Star Management, LLC,
(Nevada Limited Liability Company)
and Sundt-Actus-Bland Company

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
(03-CV-950)

Before JONES, Chief Judge, and GARWOOD and SMITH, Circuit Judges.

PER CURIAM:[*]

Plaintiff–appellant, Kira, Inc. (Kira), appeals the district court's judgment awarding costs and attorneys' fees to defendants–appellees, All Star Maintenance, Inc., All Star Management, LLC, and Sundt-Actus-Bland Company (collectively, defendants). In its appeal, Kira argues only that the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

district court did not have jurisdiction to rule on defendants' post-trial fee motion because the court had denied defendants' initial fee motion in its November 1, 2006 Final Judgment, which was already on appeal.

Kira filed suit against defendants in late 2003, and a jury found unanimously for defendants in September of 2006. On October 6, 2006, defendants filed two separate motions: (1) a Motion for Entry of Judgment and for Final Order of Judgement and (2) a Motion for Costs and Attorneys' Fees. On November 1, 2006, the district court granted defendants' Motion for Entry of Judgment and for Final Order of Judgment. The order, entitled "Memorandum Opinion and Order on Motions for Judgment" explicitly stated that plaintiff's Motion for Judgment and defendants' Motion For Entry Of Judgment And For A Final Order Of Judgment were before the court; it did not, however, mention defendants' motion for attorneys' fees. The court also issued a Final Judgment ordering that Kira take nothing and closed with the customary conclusion: "all relief not expressly granted is hereby DENIED . . . [and] the case is hereby CLOSED." Like the Memorandum Opinion, the Final Judgment did not address or mention the fee motion or the matter of fees.

Kira filed a Notice of Appeal on November 13, 2006.[1] On November 15th, defendants submitted an amended motion for costs and attorneys fees. In its response, Kira argued that the Final Judgment denied defendants' fee motion, and, consequently, the filing of Kira's appeal divested the district court of jurisdiction to rule on the amended fee motion. In a December 1, 2006 order, the district court considered Kira's responsive pleadings along with defendants' fee motion. In reciting the case's history, the December 1st order stated, "[t]he Final

---

[1]Kira's said appeal was related to the merits of the Final Judgment. The appeal was addressed by this Court in an opinion issued February 26, 2008, and the district court's judgment was affirmed (our cause No. 06–51650). The mandate therein has issued.

2

Judgment denied Defendants' motion for costs and attorneys' fees." However, the order goes on to say: "Defendants' amended motion reurging their prejudgment request for costs and attorneys' fees is properly before the Court and the Court will address the merits of the motion."

On June 27, 2007, the district court entered an order granting defendants' fee motion, and on August 22, 2007, it entered an order denying Kira's motion to vacate the fee award, explaining that the November 1 Memorandum Opinion and Final Judgment did not act on or discuss defendants' fee motion. While the court did not refer back to its December 1st statement that the fees had been denied, the district court stated that "nothing impeded or deprived [its] authority to consider and decide Defendants' fee motions." Based on all the above, this court is convinced that the statement in the December 1st order concerning the November 1 judgment having denied the fee request was an inadvertent mistake and an unintentional characterization of the November 1 Final Judgment. This is the only reasonable interpretation possible.

Proceeding on the determination that the district court had not yet ruled on the fee motion, the district court retained jurisdiction over defendants' motion. Kira's Notice of Appeal did not divest the district court of jurisdiction because defendants' fee motion constituted a collateral matter that was unrelated to the appeal's underlying claims.[2] See Creations Unlimited, Inc. v.

---

[2]This rule does not conflict with Rule 58(e), which allows a district court, in its discretion, to delay an entry of judgment if both (1) a notice of appeal has not been filed and (2) a timely motion for attorneys' fees has been made. FED. R. CIV. P. 58(e); *Burnley v. City of San Antonio*, 470 F.3d 189, 198 (5th Cir. 2006). The Rule's purpose is to increase judicial efficiency by enabling an appellate court to consider an appeal related to a fee award and an appeal related to the merits at the same time. FED. R. CIV. P. 58(e) advisory committee's notes (1993 Amendments). The Rule does not, however, *deprive a district court* of jurisdiction over a fee motion upon the filing of a merits-based appeal merely because the district court did *not* enter a Rule 58(e) order.

McCain, 112 F.3d 814, 816–17 (5th Cir. 1997) ("A district court has jurisdiction to rule on a motion for ancillary attorneys' fees even after the filing of a notice of appeal with respect to the underlying claims"); Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 524–25 (5th Cir. 2002) ("The district court, however, retains jurisdiction to resolve motions for sanctions and attorneys' fees while a judgement on the merits is pending on appeal. Such motions are collateral to the merits, so the appeal does not divest the district court of jurisdiction."). A district court has plenary authority to award attorneys' fees and costs pursuant to a motion filed within fourteen days of entry of judgment. FED. R. CIV. P. 54(d)(2)(B). It is undisputed that defendants' fee motion was timely; thus, the district court retained jurisdiction over defendants' fee motion as a collateral matter, regardless of Kira's pending appeal.

Additionally, defendants' conditional Notice of Cross-Appeal did not divest the district court of jurisdiction. After Kira filed in the district court a response to defendants' November 15 amended motion for costs and attorneys' fees, contending that the November 1 judgment had denied defendants' earlier motion for attorneys' fees, defendants on November 27 filed a cross-appeal from the November 1 judgment if and only to the extent that that judgment was construed to deny defendants' costs and fees. Defendants' said cross-appeal was expressly conditioned on the November 1 Final Judgment being interpreted (contrary to defendants' contentions) to deny defendants' fee motion. After that notice of appeal was filed, the district court held that the fee issue remained before it and granted the November 15 fee motion on June 27, 2007. In reliance on the court's June 27th Order, defendants filed in this court a Motion for Voluntary Dismissal of Cross-Appeal, which this court granted on July 11, 2007. This voluntary dismissal placed defendants in the exact position as if a notice of appeal had never been filed. See Williams v. United States, 553 F.2d 420, 422

4

(5th Cir. 1977) ("The appellants here did timely file a notice of appeal, but then had it dismissed before it had been docketed. In our view, this placed them in the same position as if they had never filed a notice of appeal in the first place."). Therefore, the voluntary dismissal of the November 27 conditional appeal did not divest the district court of jurisdiction over the November 15 fee motion.

For the reasons stated above, we hold that the district court had jurisdiction to rule on defendants' fee motion, and the judgment of the district court is

AFFIRMED.