# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 29, 2010

No. 09-30942
Summary Calendar

Charles R. Fulbruge III
Clerk

BANK OF LOUISIANA,

Plaintiff - Appellant

v.

SUNGARD AVAILABILITY SERVICES, L.P., formerly known as Sungard Recovery Services Inc,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-1228

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's order awarding attorneys' fees, litigation costs, and interest to Appellee SunGard Availability Services, L.P. ("SunGard"), pursuant to its contract with Appellant Bank of Louisiana

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("Bank").   The district court awarded fees, costs, and interest following the Bank's prior unsuccessful appeal of SunGard's claim on the merits.  Finding no error in the court's decision, we AFFIRM.

The Bank first argues that the district court lacked jurisdiction to award attorneys' fees, costs, and interest because the court had already issued a final judgment when SunGard filed its motion.  However, a district court does not lose jurisdiction over the attorneys' fees issue when neither the district court nor the appeals court address it.  *See United Indus. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996) (noting that "at a jurisdictional level, the district court is not precluded from ruling on the attorneys' fees issue by either its final judgment or our mandate").  In the instant case, SunGard pleaded its right to attorneys' fees in its counterclaim and based the claim for fees on specific language in the parties' contract.  Later, in its first motion for summary judgment, SunGard "pray[ed] that the Court . . . reserve SunGard's claim for costs and attorney's fees [sic]."   When the district court granted SunGard's motion for summary judgment, it held that "SunGard is entitled to judgment as a matter of law on the counterclaim for failure to pay for the balance of the 60-month term of the agreement."  The district court then entered judgment against the Bank "for the balance owed on the 60-month agreement between the parties."  The judgment was silent as to the actual amount owed, including the amount of principal, interest, and attorneys' fees.  When the case arrived before us on appeal, we did not address attorneys' fees and stated only that "the Bank was correctly required to pay damages."  Because the issue of attorneys' fees was pleaded but remained unaddressed either by the district court or on appeal, the district court did not lose jurisdiction over it either by its judgment or by our mandate.  *See United Indus.*, 91 F.3d at 764.[1]

---

[1] SunGard devotes several pages of its appellate brief arguing in favor of pre-judgment interest.  However, The Bank does not appeal the district court's award of pre-judgment

No. 09-30942

The Bank next argues that the district court erred in granting attorneys' fees because Appellee filed its motion outside the time window permitted by Federal Rule of Civil Procedure 54.  Federal Rule 54 states that "[u]nless a statute or a court order provides otherwise," a party must file a motion for attorneys' fees no later than 14 days after the entry of judgment.  *See* FED. R. CIV. P. 54(d)(2)(B).  However, a district court may waive the time requirements of Rule 54 if there is proper notice that attorneys' fees remain at issue in the case.  *See Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir. 1998).  Both parties stipulate that shortly after we affirmed the district court on appeal but before a mandate was issued, SunGard reiterated its demand to the Bank for attorneys' fees.  The Bank responded and disputed the demand.  These actions, together with SunGard's pleading and its reservation of the issue in its first motion for summary judgment, put the Bank sufficiently on notice that attorneys' fees and other damages were an unresolved issue in the case.  Accordingly, we find the district court did not err in considering SunGard's motion for costs, interest, and fees after the 14-day window provided in Rule 54.

The Bank next argues that the district court erred when it awarded SunGard its requested litigation expenses without first submitting the question to the clerk of the court for a hearing.  We find no reversible error here.  The local rules that the district court allegedly violated are clearly designed for the court's convenience; they are not a procedural straightjacket.  Indeed, the very rules the Bank cited include provisions by which the court may choose to disregard them.  *See e.g.*, UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE EASTERN, MIDDLE, AND WESTERN DISTRICTS OF LOUISIANA ("Local Rule") 54.3 (party seeking costs must file a motion with clerk "unless otherwise ordered by the court"); Local Rule 54.2 (allowing the district judge

interest except to question the court's jurisdiction.

discretion to relieve counsel from filing contemporaneous time reports in support of fees).  The local rules are not jurisdictional, as authority ultimately rests with the district court to determine what costs a party should be awarded.  *See* FED. R. CIV. P. 54(d); Local Rule 54.4 (allowing for district court to review any determination of costs by the clerk).  Accordingly, the district court did not err in considering litigation expenses without first submitting the issue to the clerk of the court for an initial determination.

Finally, the Bank argues that the district court erred in granting SunGard's motion for attorneys' fees without first determining whether those fees were reasonable.  Specifically, The Bank argues that the district court erred in failing to apply the standards we set forth in *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995).  However, in *Kellstrom*, the law determining the outcome of the case was federal law, and attorneys' fees were therefore subject to federal standards.  *See Kellstrom*, 50 F.3d at 322-23.  In the instant case, the parties were before the district court pursuant to its diversity jurisdiction, and the law governing the parties' contract was Pennsylvania law.  "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision."  *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).  Accordingly, the district court did not err in failing to apply the standards in *Kellstrom* to the attorneys' fees award.

We review an award of attorneys' fees for abuse of discretion.  *In re McClatchy,* 424 A.2d 1227, 1228 (Pa. 1981); *see also Mathis*, 302 F.3d at 461-62.  Pursuant to Pennsylvania law, when a contract provides for attorneys' fees, "the prevailing party is only entitled to recover reasonable fees, even if the contract does not have a provision specifying that the fees must be reasonable."  *McMullen v. Kutz*, 925 A.2d 832, 835 (Pa. Super. Ct. 2007).  When determining whether a fee is reasonable, the trial court takes into consideration the following factors:

No. 09-30942

the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; . . . the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question.

*In re LaRocca's Trust Estate*, 246 A.2d 337, 339 (Pa. 1968).

In its order awarding fees, the district court noted that SunGard submitted contemporaneous time reports "reflecting the dates, time involved, and the nature of the services performed." The district court also noted that "SunGard's attorneys attest to their education, skills, and experience and demonstrate the hourly rates charged in similar cases by local attorneys with similar experience." SunGard argued, as it does on appeal, that the case involved voluminous documentary evidence, that there were no unnecessary motions, and that much of the work was in response to the Bank's own failed $900,000 claim for breach of contract and attorneys' fees. The district court stated that "[a]fter reviewing the affidavit's [sic] of counsel and the contemporaneous time reports, the court concludes that the attorney's [sic] fees and litigation expenses are reasonable."

In contrast, the Bank made no specific arguments to the district court as to why SunGard's claims for attorneys' fees were unreasonable, stating only that "[w]e find it unpleasant and distasteful to question the many entries submitted in support of the pending motion." On appeal, the Bank makes some attempt to specify what it finds unreasonable in SunGard's itemized claims, but its arguments are unpersuasive. Given the evidence SunGard provided of its attorneys' fees, given the district court's careful consideration of that evidence, and given the Bank's lackadaisical approach to disputing that evidence, we do

5

No. 09-30942

not find the district court abused its discretion in awarding SunGard all its attorneys' fees.

AFFIRMED.