# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2026

Lyle W. Cayce
Clerk

———————————

No. 24-30802

———————————

Tina Marquardt,

*Plaintiff—Appellant/Cross-Appellee*,

*versus*

City of New Orleans,

*Defendant—Appellee/Cross-Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:19-CV-13773, 2:23-CV-5000

———————————————————————

Before Elrod, *Chief Judge*, and Richman and Willett, *Circuit Judges*.

Per Curiam:[*]

The dispute arises from yet another challenge to New Orleans's short-term-rental permitting regime, with both sides cross-appealing the district court's Takings Clause ruling and attorney-fee award.

Tina Marquardt sought a permanent injunction, a declaratory judgment, and attorney fees. In February 2024, the district court partially

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

granted her summary-judgment motion, concluding that the City violated the Takings Clause during a brief period preceding the expiration of her 2023 permits. The court directed Marquardt to brief what remedies, if any, were appropriate in light of that ruling. By the court-ordered deadline, however, Marquardt had briefed only attorney fees. The district court granted that request in part and entered a document styled as a "judgment."

The difficulty is that it is unclear whether the court's November 2024 judgment afforded Marquardt any specific, operative relief—despite reaffirming the court's view that she had established a constitutional violation. As we have explained, "a final order [under 28 U.S.C. § 1291] must also specify the *remedies* that the victorious plaintiffs will receive." *Hignell-Stark v. City of New Orleans*, 46 F.4th 317, 329–330 (5th Cir. 2022) (emphasis in original). On the one hand, the remedies deadline passed without further briefing, and the district court addressed the only remedy Marquardt affirmatively pursued. *See United States v. Miss. Power & Light Co.*, 638 F.2d 899, 903 (5th Cir. 1981) (noting that we give a "practical rather than a technical construction to" the finality requirement). On the other hand, the court neither stated that it was entering a declaratory judgment nor made clear—consistent with "customary" practice—that all relief not granted was denied. *Kira, Inc. v. All Star Maintenance, Inc.*, 294 F. App'x 139, 140 (5th Cir. 2008).

Accordingly, and out of an abundance of caution, we REMAND for the limited purpose of permitting the district court to issue an amended judgment expressly identifying the specific relief granted and denied in its November 2024 judgment. We request that the district court do so within 14 days. The parties need not file a new notice of appeal or submit additional briefing in this court, and this panel retains jurisdiction over the appeal. *See SWSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 409 (5th Cir. 2023).