# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2026

Lyle W. Cayce
Clerk

———————

No. 24-20410

———————

ZELMA M. LOEB-DEFEVER; LOEB ARCHITECTS, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

MAKO, L.L.C., *doing business as* PADUA REALTY COMPANY;
FRANCISCO PADUA; ALEJANDRO PADUA; ANTONIO PADUA;
WOODHAVEN INMOBILIA, LIMITED; BRATTEN INMOBILIA,
L.L.C.; INMOBILIA 2000, L.L.C.; PADUA INVESTMENTS,
LIMITED; LUISFINA CORPORATION; PROPERO CONROE, L.L.C.;
PROPERO SENIORS HOUSING FUND, L.L.C.; TEXAS SENIOR
LIVING OPERATOR, L.L.C.; TEXAS SENIOR LIVING MANAGER,
L.L.C.; TEXAS SENIOR LIVING GROUP, L.L.C.; COTTAGES AT
WOODHAVEN VILLAGE, LIMITED; CPF LIVING COMMUNITIES II
- WOODHAVEN, L.L.C.; CPF LIVING COMMUNITIES II
ACQUISITIONS, L.L.C.; GRACE MANAGEMENT, INCORPORATED,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1981

———————————————————————

Before Southwick, Oldham, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Architect Zelma M. Loeb-Defever and her firm, Loeb Architects, LLC, (collectively, "Loeb") appeal an award of attorney's fees to the defendants after they dismissed their cross-appeal of a final judgment ordering each party to bear its own fees and costs. Loeb argues that the district court lacked jurisdiction to award fees and abused its discretion in awarding and calculating them. We VACATE the award and REMAND.

I

A

In 2011, Padua Realty Company ("Padua Realty"[1]), a real estate development business, contracted with Loeb to design the first two phases of a senior living center. Under the contracts, Loeb's designs could not be used "on other projects or extensions [to the center] except by agreement in writing." Padua Realty paid Loeb for its designs but hired a different architecture firm to complete the remaining phases of the project.

Around 2013, Loeb received the other firm's plans from an acquaintance and concluded that her designs were the "starting point" for them. Asserting copyright infringement claims under 17 U.S.C. § 501 as well as claims under the Digital Millennium Copyright Act ("DMCA"), Loeb sued twenty-four defendants that participated in the development of the center. She also sued Padua Realty for breach of contract.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Because Mako LLC, the first named defendant in this case, does business as Pauda Realty Company, it will be referred to as "Padua Realty."

2

No. 24-20410

Six of the original defendants settled with Loeb. In July 2021, seventeen of the eighteen remaining defendants moved for summary judgment on Loeb's copyright and DMCA claims. The district court dismissed Loeb's copyright and DMCA claims against the moving defendants with prejudice. In May 2022, Padua Realty moved for summary judgment on Loeb's breach of contract claim. The district court also dismissed this claim with prejudice. On July 14, 2022, the district court issued a final judgment dismissing all of Loeb's claims with prejudice and sua sponte ordering that "[e]ach party shall bear its own fees and costs."

B

On July 18, 2022, Loeb timely filed a notice of appeal. On July 28, 2022, the defendants filed a timely bill of costs, as well as a motion seeking attorney's fees, costs, and expenses (the "first fee motion"). Although the first fee motion referred once to Federal Rule of Civil Procedure 59(e) to support the defendants' request to "amend" the district court's denial of fees and costs in the final judgment, the motion primarily cited and relied on Rule 54(d), which permits post-judgment awards of attorney's fees and costs. *See* FED. R. CIV. P. 54(d). On August 15, 2022, the defendants also filed a cross-appeal, specifically challenging the part of the final judgment regarding fees and costs. Their notice of appeal acknowledged that the pending first fee motion could render the cross-appeal "premature or ultimately moot" but explained it was being filed "in an abundance of caution . . . ."

On October 7, 2022, while the appeals were pending, the district court denied the defendants' first fee motion without prejudice to refiling within fourteen days "after an opinion on the merits appeal is issued." It explained that "[c]ourts routinely defer ruling on motions for attorney's fees while an appeal is pending." Because they "deem[ed] their cross-appeals . . . moot" based on the district court's October 7 order, the defendants voluntarily

3

No. 24-20410

dismissed their cross-appeal on November 17, 2022. *Loeb-Defever v. Mako*, No. 22-20362 (5th Cir. 2022), Dkt. 72 (Nov. 17, 2022). On August 30, 2023, this court affirmed the district court's grants of summary judgment. *Loeb-Defever v. Mako, L.L.C.*, No. 22-20362, 2023 WL 5611042 (5th Cir. Aug. 30, 2023) (per curiam).

On September 13, 2023, the defendants renewed their first fee motion, again seeking an award of fees, costs, and expenses (the "second fee motion"). The district court granted the defendants' second fee motion, awarding them $500,000 in attorney's fees under the Copyright Act. Loeb now challenges that award.

II

This court reviews a district court's award of attorney's fees under the Copyright Act for abuse of discretion. *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 588 (5th Cir. 2015). "A trial court abuses its discretion in awarding or refusing to award attorney's fees when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 373 (5th Cir. 2020) (citation modified).

III

Loeb first asserts that the district court lacked jurisdiction to award fees because this court had already affirmed the final judgment—which stated that "[e]ach party shall bear its own fees and costs." It generally identifies three points at which the district court lost jurisdiction to adjudicate the fee issue: (1) when the district court issued the final judgment; (2) when Loeb and the defendants filed their respective appeals of the final judgment; and (3) when the defendants voluntarily dismissed their cross-appeal. The defendants respond that the district court properly relied on *Moody National Bank of Galveston v. GE Life & Annuity Assurance Company*,

383 F.3d 249 (5th Cir. 2004) to award fees under Rule 54(d).

A

Loeb initially argues that the final judgment constituted a final decision on the fee issue. As a result, Loeb asserts that (1) under the mandate rule, the district court lacked jurisdiction to award fees once this court affirmed the final judgment, and (2) the defendants' fee motions should be construed as arising under Rule 59(e) rather than under Rule 54(d). We disagree.

1

"Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004). It also "bars litigation of issues decided by the district court but foregone on appeal or otherwise waived . . . ." *Id.* Contrary to Loeb's characterization, "the mandate rule . . . is not jurisdictional at all—it is a discretionary rule that can be set aside in certain circumstances." *See Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019).

Here, Loeb did not raise the issue of attorney's fees in its appeal of the final judgment, and the issue was not addressed in this court's opinion on the merits. *See Loeb-Defever*, 2023 WL 5611042, at *3. Because this court did not "expressly or impliedly" decide the attorney's fee issue, the mandate rule is not implicated. *See Lee*, 358 F.3d at 321.

2

"Federal Rule of Civil Procedure 59(e) concerns 'motion[s] to alter or amend the judgment,'" *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267 (1988), which "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). This deadline is "jurisdictional" and

"cannot be extended." *Heck v. Triche*, 775 F.3d 265, 271 n.5 (5th Cir. 2014). Rule 54(d) concerns motions for costs and attorney's fees. Fed. R. Civ. P. 54(d). It states that a "claim for attorney's fees" must generally be made by a motion filed within fourteen days of the entry of judgment, "[u]nless a statute or a court order provides otherwise." *Id.* This "time limit . . . is not jurisdictional . . . ." *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 664 (5th Cir. 2002), *overruled on other grounds by*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *see also Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 671 (9th Cir. 2018) ("We have repeatedly held that the fourteen-day deadline under Rule 54 'is not jurisdictional.'" (quoting *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 676 (9th Cir. 2017))); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 183 (3d Cir. 1999) ("[T]he time constraint of Rule 54 is not jurisdictional.").

It is "indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988); *see also Pechon v. La. Dep't of Health & Hosps.*, 368 F. App'x 606, 609 (5th Cir. 2010) (unpublished) ("Indeed, a claim for attorney's fees is seen as a separate action from one on the merits . . . ."). In other words, motions for attorney's fees are "collateral to the merits." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524 (5th Cir. 2002). The district court retains jurisdiction over such matters "while a judgment on the merits is pending on appeal." *Id.* This is true "even when costs or attorney's fees are included in a final judgment." *Moody*, 383 F.3d at 253.

In *Moody*, the district court granted the defendant's motion for summary judgment and entered a final judgment. *Id.* at 250. "In the last sentence of its final judgment, the district court sua sponte ordered each party to pay its own costs and attorney's fees." *Id.* The defendant moved to

amend under Rule 59(e), seeking to have all costs taxed against the plaintiff. *Id.* Within thirty days of the district court's denial of the defendant's motion to amend, but more than thirty days after entry of final judgment, the plaintiff filed a notice of appeal. *Id.*

This court framed the central question as "whether a motion to allocate costs, that would otherwise be characterized as a Rule 54(d) motion, becomes a Rule 59(e) motion to alter or amend where the district court awarded costs as part of its final judgment." *Id.* at 251. A Rule 59(e) motion tolls the appeal deadline and would have rendered the plaintiff's appeal timely; a Rule 54(d) motion is "considered collateral to the judgment," does not toll the appeal deadline, and would have rendered the plaintiff's appeal untimely. *Id.* at 250. *Moody* held that, in reading Federal Rule of Appellate Procedure (4)(a)(4) and Federal Rule of Civil Procedure 58 together, "it is clear . . . that *any* post-judgment motion addressing costs or attorney's fees must be considered a collateral issue *even when costs or attorney's fees are included in a final judgment*." *Id.* at 253 (emphasis added). As a result, despite being labeled a Rule 59(e) motion, the defendant's motion was "a collateral motion for costs under Rule 54(d) that did not toll the time for filing an appeal." *Id.*

Subsequently, in *Kira, Inc. v. All Star Maintenance, Inc.*, 294 F. App'x 139 (5th Cir. 2008) (unpublished), this court held that a district court retains jurisdiction to consider a post-judgment motion for fees even while a merits appeal is pending. *Kira* is not binding precedent, but we find its analysis persuasive and apply it here. In *Kira*, after a jury found in their favor, the defendants filed a motion for entry of judgment and a motion for attorney's fees. *Kira*, 294 F. App'x at 140. The district court granted the motion for entry of judgment, but its order did not mention attorney's fees. *Id.* The final judgment also did not mention fees and "closed with the customary conclusion: 'all relief not expressly granted is hereby DENIED . . . [and] the

case is hereby CLOSED.'" *Id.* The plaintiff appealed, and the defendants filed an amended motion for fees. *Id.* The defendants then cross-appealed the final judgment "to the extent" it "was construed to deny defendants' costs and fees." *Id.* at 141.

While the appeals were pending, the district court considered the amended motion for fees, rejecting the plaintiff's argument that its appeal divested the district court of jurisdiction to rule on the amended fee motion. *Id.* The district court granted the amended motion and awarded fees, and the defendants voluntarily dismissed their cross-appeal. *Id.* at 140–41. The plaintiff then appealed the fee award, arguing "the district court did not have jurisdiction . . . because the court had denied defendants' initial fee motion in its [final judgment], which was already on appeal." *Id.* at 140.

Although it did not cite *Moody*, *Kira* likewise held that the plaintiff's appeal of the final judgment "did not divest the district court of jurisdiction because defendants' [timely] fee motion constituted a collateral matter . . . ." *Id.* at 141. *Kira* also held that because the defendants voluntarily dismissed their cross-appeal "[i]n reliance on the [district] court's" order awarding fees, the dismissal "did not divest the district court of jurisdiction." *Id.*

Here, the defendants filed their original fee motion on July 28, 2022, under Rules 54(d) and 59(e). *Moody* held that even where a district court enters a final judgment that awards fees and costs, "*any* post-judgment motion" addressing fees or costs is properly characterized as a Rule 54 motion—not a Rule 59(e) motion. 383 F.3d at 253 (emphasis added). This holding is controlling even though *Moody* considered the proper characterization of a motion for fees in the context of deciding whether an

No. 24-20410

appeal was timely.[2] Essentially, the district court's final judgment here that "sua sponte ordered each party to pay its own costs and attorney's fees" was not truly "final" as to the claim for costs and attorney's fees the defendants subsequently raised in their timely Rule 54 motion. *See id.* at 250. Adopting Loeb's contention that the defendants had to get the final judgment "amended [under Rule 59(e)] or reversed if they wanted a fee and cost award" would directly conflict with *Moody*'s holding that post-judgment motions addressing fees are properly considered under Rule 54. As a result, the defendants fee motions must be construed under Rule 54(d).

B

Loeb next argues that its appeal of the final judgment, as well as the defendants' cross-appeal, divested the district court of jurisdiction to adjudicate the fee issue. We disagree for several reasons.

"Generally, a notice of appeal divests the district court of jurisdiction over the judgment or order that is the subject of the appeal." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 578 (5th Cir. 1996); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curium) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). But, as discussed, district courts "retain[] jurisdiction to resolve

---

[2] *Moody*'s holding that "any post-judgment motion addressing costs or attorney's fees must be considered a collateral issue" and characterized as a Rule 54 motion "even when costs or attorney's fees are included in a final judgment" was central to the court's decision. 383 F.3d at 253. This holding is binding on us under the rule of orderliness. *See Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010) ("[U]nder our rule of orderliness, we are obliged to follow our earlier decision . . . ."); *Bohannan v. Doe*, 527 F. App'x 283, 300 (5th Cir. 2013) (unpublished) ("This statement was not dicta because it in fact controlled a part of the court's decision.").

motions for . . . attorneys' fees while a judgment on the merits is pending on appeal." *Procter & Gamble*, 280 F.3d at 524. In addition, "filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction . . . ." *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc), *superseded by statute on other grounds as stated in*, *United States v. Martinez*, 763 F.2d 1297, 1308 (11th Cir. 1985).

As an initial matter, Loeb's appeal on the merits—standing alone— did not divest the district court of jurisdiction to consider the collateral issue of attorney's fees, which was timely raised in the defendants' first fee motion. *See Kira*, 294 F. App'x at 141 (finding the district court retained jurisdiction over the attorney's fee issue while a merits appeal was pending "because defendants' [timely] fee motion constituted a collateral matter"). That leaves only Loeb's argument regarding the defendants' cross-appeal, which implicates (1) whether the cross-appeal effectively divested the district court of jurisdiction over the fee issue in the first place, and (2) assuming that it did, whether the district court nevertheless ultimately had jurisdiction to award fees.

1

"Under 28 U.S.C. § 1291, we may only review a district court's decision if it is 'final,'" which occurs when the "decision . . . 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *S. Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 129 (5th Cir. 1993) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981)). "Ordinary finality rules apply to the fee award. Appeal cannot be taken until there has been a ruling." 15B Wright & Miller's Federal Prac. and Proc. § 3915.6 (3d ed. 2025); *see also Shipes v. Trinity Indus., Inc.*, 883 F.2d 339, 341 (5th Cir. 1989) ("[A]n order awarding attorney's fees may be considered final within the meaning of sec. 1291 only if it disposes

finally of the attorney's fee question."); *S. Travel Club*, 986 F.2d at 131 ("[A]n order awarding attorney's fees or costs is not reviewable on appeal until the award is reduced to a sum certain.").

Although the district court's final judgment stated that each party shall bear its own fees and costs, the defendants—in accordance with *Moody*—filed a timely and valid Rule 54(d) motion for fees on July 28, 2022. Because *Moody* provides that filing a Rule 54(d) motion is the proper procedure for challenging a final judgment ordering each side to pay its own fees and costs, the defendants' first fee motion here made the denial of fees and costs in the "final judgment" no longer final. *See Moody*, 383 F.3d at 253. The first fee motion remained pending and unresolved when the defendants filed their cross-appeal. Consequently, the cross-appeal was premature, as it was filed before a final decision on the attorney's fee issue.[3] *See United States v. Cooper*, 135 F.3d 960, 962 (5th Cir. 1998) ("Although an appeal need not be from a final *judgment*, still it must be from a final *decision*.").

Because the cross-appeal was premature as to the collateral fee issue raised in the first fee motion, it was insufficient to invoke appellate jurisdiction as to that issue. *See id.* at 963 (dismissing premature appeal for lack of jurisdiction). As a result, the defendants' premature cross-appeal also did not divest the district court of jurisdiction. *See Hitchmon*, 602 F.2d at 694.

Because the district court was not divested of jurisdiction by way of the premature cross-appeal, it was permitted to issue its October 7 order that

---

[3] The defendants' notice of appeal even acknowledged that the pending first fee motion could render it "premature." On appeal, they maintain that their "short-lived cross-appeal in the merits appeal was premature, a nullity, and, at minimum, became moot." At oral argument, defendants also suggested that, had they *not* dismissed their cross-appeal, this court could have deemed it "premature," resulting in their inability to obtain a fee award unless they had already filed a timely motion for fees.

deferred ruling on the fee issue and denied the first fee motion without prejudice. In accordance with that October 7 order, the defendants timely filed their second fee motion after the merits appeal in this case concluded. The cross-appeal did not impact the district court's ability to consider the second fee motion.

2

Notwithstanding our conclusion that the cross-appeal did not effectively divest the district court of jurisdiction, we nevertheless consider whether the district court had jurisdiction to consider the second fee motion even if the cross-appeal were effective.

The district court's order of October 7, 2022, issued while the defendants' cross-appeal was pending, stated that "[c]ourts routinely *defer* ruling on motions for attorney's fees while an appeal is pending." Although the district court "denied" the first fee motion without prejudice to being refiled within fourteen days of a decision on the merits appeal, the substance of its order focused on the propriety of *deferral*. After the order issued, the defendants voluntarily dismissed the cross-appeal. And after the merits appeal was resolved, they filed the second fee motion in accordance with the October 7 order. If the cross-appeal divested the district court of "control over those aspects of the case involved in the [cross-appeal]"—i.e., the attorney's fee issue, *see Griggs*, 459 U.S. at 58, the central question is whether the district court had a valid and timely Rule 54(d) motion before it when it granted the fee award. That requires us to consider the effect of the October 7 order, which—as outlined below—could be construed as (1) a deferral of a ruling on the first fee motion, or (2) a denial of the first fee motion and extension of the deadline to file a Rule 54(d) motion.

a

First, the October 7 order could be construed as deferring ruling on

the first fee motion. It starts by describing the options available under Rule 54 when a motion is filed while a merits appeal is pending, such as "rul[ing] on the claim for fees," "defer[ring] its ruling on the motion," or "deny[ing] the motion without prejudice, directing . . . a new period for filing after the appeal has been resolved." FED R. CIV. P. 54(d)(2) advisory committee's note to 1993 amendment. It then states that "[c]ourts routinely defer ruling on motions for attorney's fees while an appeal is pending," which is "especially advisable in hotly contested cases," citing a district court case that deferred ruling on a motion for fees. *See Malik & Sons, LLC v. Circle K Stores, Inc.*, No. CV 15-6938, 2017 WL 2455648, at *3 (E.D. La. May 22, 2017), *report and recommendation adopted*, No. CV 15-6938, 2017 WL 2444885 (E.D. La. June 6, 2017).

Federal Rule of Civil Procedure 62.1 provides that a district court may "defer" considering a motion "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." FED. R. CIV. P. 62.1(a)(1). The advisory committee notes to Rule 54 also approve of deferral while a merits appeal is pending. *See* FED R. CIV. P. 54(d)(2) advisory committee's note to 1993 amendment ("If an appeal on the merits of the case is taken, the court . . . may defer its ruling on the [fee] motion . . . ."). District courts often take this course of action. *See, e.g.*, *Spirit Aerosystems, Inc. v. Paxton*, No. 1:24-CV-472-RP, 2025 WL 1502559, at *1 (W.D. Tex. Feb. 13, 2025); *Malik & Sons*, 2017 WL 2455648, at *2–3; *Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988) (commenting that "the district court wisely deferred ruling on attorney's fees and costs pending appeal"), *amended*, 878 F.2d 1118 (8th Cir. 1989).

Under Rule 62.1(a)(1), the district court had authority to defer ruling on the defendants' timely first fee motion even if it "lack[ed] authority to grant" it due to the pending cross-appeal. *See* FED. R. CIV. P. 62.1(a)(1).

Once the defendants voluntarily dismissed their cross-appeal on November 17, 2022, it placed them in the same position as if it had never been filed. *See Colbert v. Brennan*, 752 F.3d 412, 416 (5th Cir. 2014) ("In this case, [the defendant] voluntarily dismissed his appeal, placing himself in the same position as someone who had never filed an appeal."). The defendants later filed the second fee motion, which simply renewed the first fee motion on which the district court had deferred ruling. As a result, the district court had authority to consider the second fee motion because no appeal on the fee issue was pending.[4]

b

Next, the October 7 order could be considered a denial of the first fee motion and extension of time to file a Rule 54(d) motion.

Rule 62.1 provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," the court may still "deny the motion." Fed. R. Civ. P. 62.1(a)(2); *see also Winchester v. U.S. Att'y for S. Dist. of Tex.*, 68 F.3d 947, 949 (5th Cir. 1995). To the extent district court's order here denied the first

---

[4] Without citing any authority, Loeb suggests that "the district court could have deferred considering the [first fee] motion" *if* the defendants "had asked for an indicative ruling" under Rule 62.1—which they did not. An indicative ruling on a motion is *among* the actions a district court may take under Rule 62.1 while an appeal is pending, in addition to denying and deferring the motion. Fed. R. Civ. P. 62.1(a). Although we have not squarely addressed the issue, numerous courts "have not treated a [Rule] 62.1 motion as a prerequisite" and have instead "been willing to construe district court actions as indicative rulings even when no [Rule] 62.1 motion . . . was filed." *Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017) (collecting cases). For instance, this court has construed a district court's order remanding a case to state court as an indicative ruling under Rule 62.1(a)(3) where the district court "lacked the authority" to issue the order. *See Smitherman v. Bayview Loan Servicing, L.L.C.*, 683 F. App'x 325, 326 (5th Cir. 2017) (unpublished). We similarly construe the district court's October 7 order as either a deferral or a denial, regardless of whether the defendants explicitly invoked Rule 62.1.

fee motion, this was permitted by Rule 62.1.

Rule 54(d) allows district courts to extend the deadline to file a motion for attorney's fees. FED. R. CIV. P. 54(d)(2)(B)(i). And, as discussed, Rule 62.1 allows district courts to defer ruling on motions while an appeal is pending. FED. R. CIV. P. 62.1(a)(1). The district court here could, in accordance with Rule 54(d), issue a "court order" that set a new deadline for filing a motion for attorney's fees. *See* FED. R. CIV. P. 54(d)(2)(B)(i). And because the district court's "extended" deadline in this case was dependent on the resolution of the merits appeal, it was tantamount to a deferral and allowed under Rule 62.1(a)(1) notwithstanding the pending cross-appeal.

Moreover, "the time limit set forth in Rule 54 is not jurisdictional, and as such, the court may entertain a motion for costs [or attorney's fees] if the purposes of Rule 54 are satisfied." *Green*, 284 F.3d at 664. This court has described "one of the key functions of Rule 54(d)(2)" as "ensur[ing] that parties properly notify their counterparts of their requests for attorneys' fees." *Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir. 1998) (finding no error where the district court granted an untimely Rule 54(d) motion for fees because "the district court's [prior] acknowledgment of [the plaintiff's] request served to notify opposing counsel of the request, thereby satisfying Congress' intended purpose under Rule 54(d)(2)"); *Green*, 284 F.3d at 664 (affirming a fee award on an untimely Rule 54(d) motion because "Rule 54's purpose was fulfilled" given the "ample notice" that the plaintiff "would be seeking fees"). In other words, "'a court may *deem* a notification' of a request for attorney fees 'sufficient if it satisfies the intended purposes of Rule 54(d)(2)' even if it fails to comply with Rule 54(d)(2)'s formal requirements." *Cordova v. La. State Univ. Agric. & Mech. Coll. Bd. of Supervisors*, No. 22-30548, 2023 WL 2967893, at *3 (5th Cir. Apr. 17, 2023) (unpublished) (quoting *Romaguera*, 162 F.3d at 895), *cert. denied*, 144 S. Ct. 187, 217 L. Ed. 2d 76 (2023); *see also Bank of La. v. SunGard Availability*

*Servs., L.P.*, 374 F. App'x 539, 542 (5th Cir. 2010) (unpublished) ("[A] district court may waive the time requirements of Rule 54 if there is proper notice that attorneys' fees remain at issue in the case.").

Here, the fee issue was timely raised in the defendants' first fee motion, and the district court indicated its intent to rule on the issue after the conclusion of the merits appeal. As a result, Loeb was "properly notif[ied]" of the defendants' request for attorney's fees. *See Romaguera*, 162 F.3d at 895. Even if the second fee motion was untimely and "fail[ed] to comply with Rule 54(d)(2)'s formal requirements" because the district court's October 7 extension was invalid due to the cross-appeal, *Cordova*, 2023 WL 2967893, at *3, the district court could nevertheless consider the second fee motion because "the purposes of Rule 54 [were] satisfied." *See Green*, 284 F.3d at 664; *see also SunGard*, 374 F. App'x at 542.[5]

* * *

We conclude that the district court had jurisdiction to issue the October 7 order notwithstanding the cross-appeal, and consequently had a valid Rule 54(d) motion before it at the time it granted the second fee motion.

## C

Loeb also argues that the defendants' voluntary dismissal of their

---

[5] The issue of the second fee motion's timeliness was also raised in Loeb's response to that motion in the district court, albeit in a different context. Loeb argued that the defendants' fee motions should have been construed as Rule 59(e) motions to alter or amend—an argument addressed and rejected above. According to Loeb, the second fee motion was untimely because the district court could not have extended the time to file a Rule 59(e) motion—rendering the October 7 order ineffective to the extent it extended the deadline. By construing and granting the second fee motion under Rule 54(d), the district court rejected this argument.

cross-appeal constituted a waiver of the fee issue.[6] Again, we disagree.

Under the waiver doctrine, "an issue that could have been but was not raised on appeal is forfeited and may not be revisited by the district court on remand." *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011). A litigant's voluntary dismissal of an appeal places the party "in the exact position as if a notice of appeal had never been filed." *Kira*, 294 F. App'x at 141; *see also Colbert*, 752 F.3d at 416.

Here, the waiver doctrine is inapplicable because the fee issue is not "an issue that could have been but was not raised on appeal," given that it was a *collateral* issue raised in a timely Rule 54(d) motion over which the district court retained jurisdiction. *See Med. Ctr. Pharmacy*, 634 F.3d at 834. Nor did the voluntary dismissal of the cross-appeal otherwise impact the district court's jurisdiction. As in *Kira*, the defendants here filed a motion addressing fees following entry of final judgment, and then prematurely cross-appealed the final judgment "in an abundance of caution." They also, as in *Kira*, voluntarily dismissed their cross-appeal in reliance on the district court's order stating that they could re-urge their motion for fees after the merits appeal concluded. This voluntary dismissal only "placed defendants in the exact position as if a notice of appeal had never been filed." *See Kira*, 294 F. App'x at 141.

## IV

On the merits, Loeb argues that the district court abused its discretion in awarding and calculating the attorney's fees.

---

[6] Despite Loeb's framing of the waiver issue as jurisdictional, like the mandate rule, "waiver does not affect jurisdiction." *Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*, 138 F.4th 252, 259 (5th Cir. 2025).

No. 24-20410

A

Loeb first asserts that the district court erred in finding that the defendants were the "prevailing party" because Padua Realty voluntarily dismissed its breach of contract counterclaim.[7]

A prevailing party may generally only recover attorney's fees and expenses if they are provided by "statute, rules, or other grounds entitling the movant to the award." Fᴇᴅ. R. Cɪᴠ. P. 54(d)(2)(ii). "The Copyright Act authorizes a court to award reasonable attorney's fees to the prevailing party in a suit under the Act." *Virgin Recs. Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008) (per curiam). An "award of attorney's fees to the prevailing party in a copyright action is 'the rule rather than the exception and should be awarded routinely.'" *Id.* (quoting *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004)). This court has also held that whether a party prevailed on any non-copyright claim is "irrelevant" to the prevailing party analysis under the Copyright Act. *See Digital Drilling Data Sys.*, 965 F.3d at 386 ("Petrolink submits that whether Digidrill prevailed on any non-copyright claim is irrelevant to the prevailing party analysis under the Copyright Act and DMCA. We agree with Petrolink."). "[A] litigant may be a prevailing party under [the Copyright Act] even if the party fails to prevail 'in full' on its *copyright* claims." *Id.* (quoting *Thoroughbred Software Int'l v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007)).

Here, the district court dismissed Loeb's copyright claims against the defendants with prejudice. Because a dismissal with prejudice is

---

[7] The defendants assert that this argument is waived because Loeb did not make it before the district court. Because Loeb's response to the defendants' renewed motion to amend argued "there is no prevailing party" given the defendants' "decision to drop the contract counterclaim," the issue is preserved for appeal.

"tantamount to a judgment on the merits" of the case, the defendants are the prevailing party. *See Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985); *Anthony v. Marion Cnty. Gen. Hosp.,* 617 F.2d 1164, 1169–70 (5th Cir. 1980) ("Although there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice is deemed an adjudication on the merits for the purposes of res judicata. As such, the hospital has clearly prevailed in this litigation."). The disposition of the breach of contract counterclaim is "irrelevant." *See Digital Drilling Data Sys.*, 965 F.3d at 386. The district court did not err in finding that the defendants were the prevailing party in this case.

B

Loeb next argues that the district court misapplied the *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), factors in awarding attorney's fees to the defendants.

While often granted, fee awards are not "automatic." *Virgin Recs. Am.*, 512 F.3d at 726. Fees are "awarded to prevailing parties only as a matter of the court's discretion," when such an award would "encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty*, 510 U.S. at 524, 534. In *Fogerty*, the Supreme Court listed several factors to guide courts' discretion, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (1986)). "Although these factors are useful, [this court has] 'rejected the idea that district courts are bound to apply verbatim the factors listed [in *Fogerty*].'" *Hunn*, 789 F.3d at 589 (quoting *Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 412 (5th Cir. 2004)). "[Section] 505 [of the Copyright Act] confers broad discretion

on district courts . . . in deciding whether to fee-shift." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 208 (2016). "That means in any given case a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones)." *Id.* at 208–09.

1

Loeb argues that its claims were not objectively unreasonable based on "the history of this case, including the district court's rulings and the [d]efendants' own conduct . . . ." It points to (1) the district court's denials of the defendants' Rule 12(b)(6) motions to dismiss; (2) evidence that the defendants copied Loeb's works; (3) "the time the district court took to consider [d]efendants' motions [for summary judgment] and the length of the court's opinions"; and (4) the defendants' "[m]assive motion practice" and "decision to deploy so many lawyers" in litigating this case.

First, although the district court denied the defendants' Rule 12(b)(6) motions before ultimately granting summary judgment on Loeb's claims, simply surviving dispositive motions does not alone favor the denial of attorney's fees in a copyright case. *See Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 510 (5th Cir. 2012) (concluding the district court did not err in denying attorney's fees where the "suit survived several pretrial motions *and* resulted in a nine-day jury trial" (emphasis added)); *Positive Black Talk*, 394 F.3d at 382 (concluding the district court did not err in denying attorney's fees where the district court had "considered several complex and potentially dispositive pre-trial motions" *and* presided over a five-day trial).

Second, as to Loeb's argument that "evidence of copying showed a reasonable basis" for their claims, we already noted in affirming the district court's summary judgment rulings that the language of the parties' agreement "*clearly* contemplated" that the defendants "were permitted to

use the preliminary design schematics in subsequent phases." *Loeb-Defever*, 2023 WL 5611042, at *4 (emphasis added). Further, we held that the agreement "demonstrate[ed] Padua Realty was *expressly authorized* to use third parties to implement the license." *Id.* at *5 (emphasis added). Given that the license at issue authorized the conduct that Loeb complained of in this case, the district court did not err in finding Loeb's claims to be objectively unreasonable.

Third, Loeb cites no authority that shows that the timeline of a district court's summary judgment rulings, or the length of its orders, bears upon the objective unreasonableness analysis. The fact that the district court granted the "license and DMCA [summary judgment] motions . . . four months after briefing was complete" and took a month to grant Padua Realty's motion for summary judgment indicates, at most, that the district court needed to sift through a voluminous record and address other cases on its docket.

Finally, Loeb also cites no authority to support its argument that the defendants' litigation conduct is relevant to the objective unreasonableness analysis.[8] And here, the defendants' motion practice and incurred fees do not cast doubt on the district court's determination. The district court did not abuse its discretion in concluding Loeb's claims were objectively unreasonable.

2

Loeb also argues that, because there was no "direct evidence" of

---

[8] On this issue, Loeb only cites *Womack+Hampton Architects, L.L.C. v. Metric Holdings Ltd. P'ship*, 102 F. App'x 374 (5th Cir. 2004) (unpublished). But in that case, we reviewed the district court's determination that the appellant's claim was not *frivolous*. *Womack+Hampton Architects*, 102 F. App'x at 383. In this case, the district court awarded fees because it determined that Loeb's claims were *objectively unreasonable*. It did not discuss frivolousness.

improper motive in filing this lawsuit, the district court erred in finding that "the amount of damages sought and the number of defendants sued by Loeb constitute evidence of an improper motivation for filing this lawsuit— namely, the extraction of nuisance-value settlements."

Loeb cites no case from this court requiring direct evidence in order to demonstrate improper motive. *See Virgin Recs. Am.*, 512 F.3d at 726 (merely noting the district court "found no indication that Plaintiffs 'prosecuted this suit with malevolent intent'"); *see also Batiste v. Lewis*, 976 F.3d 493, 507 (5th Cir. 2020) (noting that *Fogerty* does not require a showing of bad faith or frivolousness "before prevailing defendants [can] recover fees," meaning the district court had discretion to award fees to the defendants "even if [the plaintiff's] suit wasn't frivolous or brought in bad faith"). And here, the district court noted that Loeb brought claims "against [twenty-four] defendants, nearly all of whom had at most a tangential connection to the alleged infringement," and that "Loeb sought hundreds of millions of dollars in damages from [the] [d]efendants for conduct that Loeb had previously expressly licensed." On these facts, the district court had a reasonable basis to find Loeb had an improper motive in bringing this lawsuit.

3

Loeb next asserts that "compensation and deterrence are not at issue here" because there is no evidence that Loeb has filed other copyright infringement lawsuits, and the only settlement negotiations in this case were in connection with a court-ordered mediation.

Although this court has on occasion found that a plaintiff's status as a serial litigant is a relevant factor in the *Fogerty* analysis, Loeb cites no authority demonstrating that it is *required*. *See, e.g.*, *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 326 (5th Cir. 2022) (holding the district court did not abuse its discretion in awarding attorney's fees where,

among other things, the plaintiff was a serial litigant). Further, the Supreme Court has recognized that district courts have "broad discretion . . . in deciding whether to fee-shift," including to deter "overaggressive assertions of copyright claims." *Kirtsaeng*, 579 U.S. at 208–09. Here, Loeb sued twenty-four defendants for copyright infringement, even though the text of her contract with Padua Realty expressly allowed use of Loeb's designs. This case presents, at best, an "overaggressive assertion" of Loeb's copyright claims. *Id.* at 209. The district court did not abuse its discretion in determining that a fee award would "serve the considerations of compensation and deterrence."

\* \* \*

Taken together, the district court did not abuse its discretion in considering the *Fogerty* factors.

C

Finally, Loeb argues that the district court erred in calculating the attorney's fee award because it did not follow the "lodestar method" or make specific findings of fact and conclusions of law. Loeb also claims that the defendants' segregation evidence was conclusory, and most of the fees were incurred in preparing unsuccessful motions.

"The first step in determining statutorily authorized attorneys' fees is to calculate a 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). Courts then should "consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth in

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." [9] *Id.* Although we do not require that the district court's findings be "excruciatingly explicit," its "findings and reasons must be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 228–29 (5th Cir. 2008) (citation modified).

Here, the defendants requested more than $1.5 million in total attorney's fees, but the district court, "[i]n its discretion," only awarded $500,000. It provided no explanation for the reduction, however, and it did not discuss the rates or hours expended on this case or the lodestar. *See McClain*, 519 F.3d at 284 (noting "[t]he district court slashed [the plaintiffs'] request and summarily stated that [their attorney's] reported hours were 'excessive and not necessary' and that the rates she requested were not 'usual and customary' for employment discrimination cases in the geographical area"). Without a means to assess the amount of fees awarded, we must vacate the fee award and remand for the district court to consider whether the defendants properly segregated the fees for their claims and to conduct proper lodestar-fee and *Johnson* analyses. *See id.* (vacating and

---

[9] The *Johnson* factors are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*City of Riverside v. Rivera*, 477 U.S. 561, 568 n.3 (1986) (citing *Johnson*, 488 F.2d at 717–19).

No. 24-20410

remanding "for the district court to conduct proper lodestar-fee and *Johnson* analyses"); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996) ("If the *Johnson* factors are not evaluated and explained by the district court with a reasonable degree of specificity in making its fee award determination, the case will be remanded, if necessary, for an explanation to facilitate appellate review.").

V

We VACATE the district court's fee award and REMAND for recalculation in a manner consistent with this opinion.